**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MAGMA HOLDING, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br> KA TAT "KARTER" AU-YEUNG, et al.,<br><br>    Defendants. | Case No.: 2:20-cv-00406-RFB-BNW<br><br>**ORDER** |
| KA TAT AU-YEUNG,<br><br>    Counter-Claimant,<br>  v.<br><br>MAGMA HOLDING, INC., et al.,<br><br>    Counter-Defendants. | |
| KA TAT AU-YEUNG,<br><br>    Third-Party Plaintiff,<br><br>  v.<br><br>YUXIANG GAO, et al.,<br><br>    Third-Party Defendants. | |

Presently before the Court is Defendant, Counterclaimant and Third-Party Plaintiff Ka Tat Au-Yeung's ("Karter's") Motion for Leave to File Under Seal Materials Re: Karter's Opposition to Application for Preliminary Injunction and Countermotion for Appointment of a Receiver. ECF No. 37. Karter requests to file under seal exhibits containing bank records and

financial statements. ECF No. 37-1. Karter's motion is supported by the Declaration of Charles Vlasic III, Esq., co-counsel of record for Karter. *Id*. No opposition was filed.

## I. Background

By way of background, this case is before this Court based on a complaint filed by Magma Holding, Inc. ("Magma") and Meta Lab, Inc. ("Meta") alleging that Karter wrongfully transferred over $6,000,000 from Magma's bank account to Karter's personal bank among other causes of action. ECF No. 1 at 5.

## II. Analysis

The public has the right to inspect and copy judicial records and documents, but this right is not absolute. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

If a party seeks to seal judicial records filed in connection with a dispositive motion, the party must meet the "compelling reasons" standard. *Id.* at 1178-79. This standard also applies if the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The party seeking to seal judicial records bears the burden to "articulate compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178. Compelling reasons must outweigh public policies favoring disclosure, including "public interest in understanding the judicial process." *Id*. Generally, there are compelling reasons to seal judicial documents when the documents "might have become a vehicle for improper purposes." *Id*. at 1179. This includes records that "gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. But records that cause "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

If a party seeks to seal judicial records filed in connection with a non-dispositive motion that are not "more than tangentially related to the merits of a case[,]" the party is subject to the less burdensome "good cause" standard. *Ctr. for Auto Safety*, 809 F.3d at 1101; *Kamakana*, 447 F.3d at 1178-79; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). There is a lesser need for public access to such judicial records because these documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179.

Here, Karter requests to file under seal exhibits containing ten Wells Fargo bank statements from Magma, a Magma balance sheet, and two Magma profit and loss statements. These documents are subject to the compelling reasons standard because they are more than tangentially related to the merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1101-02. The complaint centers around Karter's alleged wrongful transferred over $6,000,000 from Magma's Wells Fargo bank account to Karter's personal bank account. ECF No. 1 at 5. The Wells Fargo bank statements owned by Magma are referenced extensively in the complaint. ECF No. 1. Therefore, the Wells Fargo bank statements are not "unrelated, or only tangentially related, to the underlying cause of action," and the compelling reasons standard applies. *Kamakana*, 447 F.3d at 1179. While Karter cites to *NML Capital, Ltd. v. Republic of Argentina*, where the court found good cause to seal bank records and sensitive financial information, this case involves a more stringent standard. 2015 WL 3489684 (D. Nev. June 3, 2015).

The Court finds that Karter does not to meet the compelling reasons standard. Karter does not "articulate compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178. And there is a strong public interest in maintaining access to the bank records because these records are likely to show the alleged unauthorized transfer of funds, which this case

centers around. *Id*. Karter does not overcome the strong presumption in favor of public access. *Id*.

Should Karter wish to have certain sensitive information redacted, such as bank account numbers, addresses, etc., pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, he should file such request by July 17, 2020. Fed. R. Civ. P. 5.2(a); *see United Tactical Sys., LLC v. Real Action Paintball, Inc*., No. 14-CV-04050-MEJ, 2017 WL 4865558, at *5 (N.D. Cal. Oct. 27, 2017). Conversely, if Karter wants to have this court re-consider sealing these records, he must articulate compelling reasons for his request as articulated in *Kamakana. See* 447 F.3d at 1184; *see also Foltz*, 331 F.3d at 1137. The court will maintain these documents under seal until then. If the court does not receive a proposed redacted version of the documents by that deadline, or a new motion articulating the compelling reasons to seal these documents, the court will simply unseal that exhibit.

### III. Conclusion

**IT IS ORDERED** that Defendant's Motion for Leave to File Under Seal Materials Re: Karter's Opposition to Application for Preliminary Injunction and Countermotion for Appointment of a Receiver (ECF No. 37) is DENIED.

**IT IS FURTHER ORDERED** that Karter shall have until July 17, 2020, to propose redactions or articulate compelling reasons to seal the documents consistent with this opinion. The court will maintain these documents under seal until then and will procced to unseal if no request is made prior to that deadline.

DATED: July 6, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE