KAEMPFER CROWELL
Ryan M. Lower, NSBN 9108
Raliegh C. Thompson, NSBN 11296
1980 Festival Plaza Drive, Ste. 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile:  (702) 796-7181
Email: rlower@kcnvlaw.com
Email: rthompson@kcnvlaw.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Rena Andoh, *Pro Hac Vice*
Jeffrey T. Kern, *Pro Hac Vice*
Danielle M. Thompson, *Pro Hac Vice*
30 Rockefeller Plaza
New York, New York 10112-0015
Telephone: (212) 653.8700
Facsimile: (212) 653.8701
Email: randoh@sheppardmullin.com
Email: jkern@sheppardmullin.com
Email: dthompson@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Isaiah Z. Weedn, *Pro Hac Vice*
650 Town Center Drive, 10th Floor
Costa Mesa, California  92626-1993
Telephone: (714) 513-5100
Facsimile: (714) 513-5130
Email: iweedn@sheppardmullin.com
*Attorneys for Plaintiffs/Counter Defendants*
MAGMA HOLDING, INC. and
META LAB, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MAGMA HOLDING, INC., a Nevada corporation and META LAB, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KA TAT "KARTER" AU-YEUNG, an individual; DOES I-X, inclusive; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants.<br><br>KA TAT AU-YEUNG, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>MAGMA HOLDINGS, INC., a Nevada corporation; and META LAB, INC., a Nevada corporation, | Case No:  2:20-cv-00406-RFB-BNW<br><br>**STIPULATED PROTECTIVE ORDER** |

|   |   |
|---|---|
| | Counterdefendant. |
| | KA TAT AU-YEUNG, an individual, |
| | Third-Party Plaintiff, |
| | vs. |
| | YUXIANG GAO, an individual; QIAN XU, an individual; MOTI TECHNOLOGY CO., LTD, a Cayman Island company; DOES I-X, inclusive; and ROE ENTITIES 1-10, inclusive, |
| | Third-Party Defendant. |

1. <u>Purposes and Limitations</u>. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. <u>"Confidential" Material</u>. "Confidential" material may include the following documents and tangible things produced or otherwise exchanged:

• Information regarding the financial affairs of the parties including, without limitation, income, expenses, and bank account information;

• Information protected by Federal Rule of Civil Procedure 5.2;

• Information subject to confidentiality agreements with non-parties or any pre-existing confidentiality agreements between the parties; and

• Information appropriately marked as "Confidential" pursuant to

2

the terms of this Order.[1]

3. **"Highly Confidential – Attorneys' Eyes Only" Material.** "Highly Confidential – Attorneys' Eyes Only" materials are those materials that the producing party claims in good faith are highly confidential or sensitive, including information that qualifies as a "trade secret" pursuant to the law of the jurisdiction where the trade secret was created, is stored or maintained such as commercial information that is treated as confidential by the producing party and harm to the producing party's business interests may reasonably result if disclosure is not limited to certain individuals in accordance with this Order (e.g., technical information, pricing and revenue information and other sensitive financial data, vendor information, customer information, and/or inventory information) the disclosure of which to another Party or Non-Party (and, in particular, Parties or Non-Parties who are competitors of or seeking to become competitors of the producing party) would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4. <u>Scope</u>. The protections conferred by this agreement cover not only Confidential and Highly Confidential – Attorneys' Eyes Only materials (as defined above and collectively "Protected Material"), but also (1) any information copied or extracted from such Protected Material; (2) all copies, excerpts, summaries, or compilations of such Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such Confidential material (collectively "Protected Material"). However, the protections conferred by this

---

[1] These enumerated categories do not prejudice any party from challenging a confidentiality designation pursuant to Section 7 of this Order on the basis that confidential protection is not warranted, even if the information falls within one of the enumerated categories.

3

agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

5. <u>Access to and use of Protected Material.</u>

5.1 <u>Basic Principles</u>. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5.2 <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Protected Material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) as to Confidential Material only, the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) as to Confidential Material only, experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);[2]

---

[2] Prior to any disclosure, the Parties shall meet and confer in good faith to the extent a party believes Highly Confidential – Attorneys' Eyes Only Material need to be disclosed to an expert or

4

(d) the court, court personnel, and court reporters and their staff, subject to the Parties compliance with applicable procedures for filing such materials under seal;

(e) copy or imaging services retained by counsel to assist in the duplication of Protected Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Protected Material to third parties and to immediately return all originals and copies of any Protected Material;

(f) as to Confidential Material only, witnesses in the action during their depositions to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.[3]  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) other parties, or counsel of record for other parties, in this lawsuit who have stipulated to this Order or whose clients are subject to this Order (this exception does not include confidential information or statements made or

---

consultant to whom disclosure is reasonably necessary for this litigation.  In the event the parties are unable to reach an agreement concerning the disclosure, the issue may be submitted to the Court for determination.

[3] No Highly Confidential – Attorneys' Eyes Only Material may be disclosed to a witness (during deposition or otherwise) absent the agreement of the designating party or order of the Court.

5

exchanged in connection with a mediation or settlement to the extent they are considered privileged or protected from discovery under federal or state law);

      (i)    the Receiver and the Receiver's employees, agents, attorneys and/or other persons designated or authorized by the Receiver; or

      (j)    a Mediator and the Mediator's staff or other Dispute Resolution professional who signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) in order to conduct a mediation between some or all of the parties.

      5.3    <u>Filing Protected Material</u>.  Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall make reasonable effort to confer with the designating party to determine whether the designating party will remove the corresponding designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

    6.    <u>Designating Protected Material.</u>

      6.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

      6.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

      (a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as the case may be) to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

      (b)    <u>Testimony given in deposition or in other pretrial or trial proceedings</u>:  the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of

the transcript, or exhibits thereto, as confidential.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (as the case may be). If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failure to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

7. <u>Challenging Confidentiality Designations.</u>

7.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 <u>Meet and Confer</u>. The parties must make reasonable effort to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must

8

include a certification, in the motion or in a declaration or affidavit, that the movant has engaged, or reasonably attempted to engage, in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      7.3   <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and early neutral evaluation.

   8.   <u>Protected Material Subpoenaed or Ordered Produced in other Litigation or Requested by any New Party to this Litigation.</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material that party must:

   (a)   promptly notify the designating party in writing and include a copy of the subpoena or court order;

   (b)   promptly notify in writing the party who caused the subpoena or

9

order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

        (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

If any additional parties are added into this litigation and they request access or copies of Protected Material, those additional parties shall be subject to each and every of the restrictions on such Protected Material set forth herein.

        9.    <u>Unauthorized Disclosure of Protected Material.</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

        10.    <u>Inadvertent Production of Privileged or Otherwise Protected Material.</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver

order under Fed. R. Evid. 502.

11. <u>Non-Termination and Return of Documents.</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

| DATED: August 26, 2020 | DATED: August 26, 2020 |
|---|---|
| By: */s/ Ryan Lower* | By: */s/ Charles Vlasic III* |
| KAEMPFER CROWELL<br>Ryan M. Lower, NSBN 9108<br>Raliegh C. Thompson, NSBN 11296<br>1980 Festival Plaza Drive, Ste. 650<br>Las Vegas, Nevada 89135<br><br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Rena Andoh, *Pro Hac Vice*<br>Jeffrey T. Kern, *Pro Hac Vice*<br>Danielle M. Thompson, *Pro Hac Vice*<br>30 Rockefeller Plaza<br>New York, New York 10112-0015<br><br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | CV3 LEGAL<br>Charles Vlasic III, NSBN 11308<br>197 E. California Ave, Ste. 302<br>Las Vegas, Nevada 89104<br><br>REID RUBINSTEIN & BOGATZ<br>Scott Bogatz, NSBN 3367<br>Brad Lipman, NSBN 14567<br>300 S. 4th Street, Ste. 830<br>Las Vegas, Nevada 89101<br><br>*Attorneys for Defendant/<br>Counterclaimant/Third-Party Plaintiff*<br>KA TAT AU-YEUNG |

Isaiah Z. Weedn, *Pro Hac Vice*
650 Town Center Drive, 10th Floor
Costa Mesa, California  92626-1993

*Attorneys for Plaintiffs/Counterdefendants MAGMA HOLDING, INC. and META LAB, INC.*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATE: August 31, 2020

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada in the case of *Magma Holding, Inc., et al. v. Ka Tat "Karter" Au-Yeung*, 2:20-cv-00406-RFB-BNW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

13